JOHN R. PUTNAM, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Upon a claim presented by P. against the state, the Board of Claims found that for many years P. was the owner and in possession of a dry-dock connected with a large basin upon the land of the state, opening into the Erie canal; across the mouth of the basin was maintained a bridge which was a part of the tow-path. The basin was filled with water from the canal and the surplus water of the canal flowed through P.'s land. The only means of communication between the dry-dock and the canal was through the basin. The bridge was a swing bridge which had been erected by the claimant, with the consent of the state. In the spring of 1886, before the opening of navigation and when there was no water in the canal, the state removed the bridge, erected in its place a stationary bridge at the same level as the tow-path, offering to allow claimant to erect a new elevated bridge, which offer it did not appear he accepted. By reason of the change, P. was unable to move two boats which he had at that time, one in the basin and the other in the dry-dock. The court found that there was no liability on the part of the state. *Held*, error;

that while the privilege enjoyed by P. was revocable at the will of the state, it included an obligation which the state could not withdraw from arbitrarily, when this would inflict severe loss upon P.; that the erection of the bridge by him and his allowance of the discharge of the surplus waters across his land constituted presumably in some measure the consideration for the privilege and, having permitted him to place his boats inside the bridge and thereafter withdrawn the water, the state was bound to afford him a reasonable opportunity to remove them; and that this obligation was not met by the offer to allow him to erect a new bridge.

(Argued March 18, 1892; decided April 19, 1892.)

APPEAL from decree of the Board of Claims made December 19, 1888, which dismissed the claim herein and awarded nothing thereon.

The facts are sufficiently stated in the opinion.

*H. B. Cushney* for appellant. The elevated bridge and the draw bridge were built and maintained by claimant under a valid agreement with the officers of the state, the state deriving benefit from it by using the same for the discharge of water from the canal through claimant's waste wier and also through the use of the same by boatmen navigating the canal in the repairing of boats, and the building of the permanent bridge before the opening of navigation, at a time when it was impossible to remove said canal boats from the dry-dock and the water basin adjacent thereto was an arbitrary exercise of power, unwarranted and without authority on the part of the superintendent. (*Dermott* v. *State*, 99 N. Y. 101.)

*S. W. Rosendale, Attorney-General,* for respondent. Every act of the state complained of was performed upon property owned by the state. (1 R. S. [8th ed.] 732, § 52.) The claimant cannot recover damages alleged to have been occasioned by the state in the performance of a lawful act upon its own property. (*Burbank* v. *Fay*, 65 N. Y. 57; *Murdock* v. *P. P. & C. I. R. R. Co.*, 73 id. 579; *Babcock* v. *Utter*, 1 Keyes, 397; *Knick. Co.* v. *Shultz*, 116 N. Y. 388; *Dermott* v. *State*, 99 id. 101; *Whitney* v. *State*, 96 id. 240; *S. V. O. Asylum* v. *Troy*, 76 id. 108; *Moyer* v. *N. Y. C. R. R. Co.*, 88 id. 351;

*Bellinger* v. *N. Y. C. R. R. Co.*, 23 id. 48 ; *Victory* v. *Baker*, 67 id. 366.) The item for loss of use of dry-dock was the only question before the Board of Claims and the only question for review here. (Laws of 1883, chap. 205, §§ 7, 11.)

BROWN, J. The claimant sought to recover damages for several alleged causes. We concur in the conclusion reached by the Board of Claims in all, except one. It appears from the findings of the court that for many years prior to 1886 the claimant was the owner and in possession of a dry-dock in the village of Fultonville, situate on the northerly side of the Erie canal. The dock connected with a large basin which opened into the canal. The basin was upon the land of the state and across its mouth was maintained a bridge which was a part of the tow-path.

The water from the canal filled the basin and thence flowed into the dry-dock. The only means of communication between the canal and the dry-dock was through the basin.

The bridge maintained across the basin was at one time an elevated one, at another a draw bridge, and after that a swing bridge which had been erected by the claimant with the consent of the state.

In the spring of 1886 for reasons satisfactory to the state it removed the swing bridge and erected in its place a stationary bridge at the same level as the tow-path.

At that time the claimant had a canal boat lying in the basin and one in the dry-dock, and by reason of the construction of the said stationery bridge he was unable to move said boats from said basin and dry-dock and lost the use thereof. It appeared from the evidence that the reason why the boats could not be moved was that the bridge was constructed before the opening of navigation and when there was no water in the canal.·

The court further found that at the time of constructing said bridge the assistant superintendent of public works told the claimant that he (claimant) could erect a suitable bridge that would meet the requirements of the state and permit the

use of his property, if he wished, and when he did so the stationary bridge would be removed, and that the claimant did not avail himself of that privilege.

Upon such facts the court found that there was no liability upon the part of the state.

We think this conclusion was erroneous.

The privilege which the claimant enjoyed was one revokable at the will of the state, but it included an obligation which the state could not withdraw from arbitrarily and subvert at its mere will and pleasure. It appeared that the surplus waters of the canal flowed out through the claimant's land and that the bridge, which was removed in the spring of 1886, had been erected at the claimant's expense, and it is fair to assume that these things constituted in some measure the consideration for the privilege which the claimant enjoyed in the basin. In the absence of express contract the law often infers a promise from one party to the other arising from the nature of the transaction, and when the circumstances authorize the assumption that such was in the contemplation of the parties, and the implied promise in such cases is such that justice would dictate under the particular facts presented to the court.

We must assume such a promise in this case, for it cannot be that it was in the contemplation of the parties that the privilege given could be withdrawn at a time and under circumstances that would inflict severe loss upon the claimant.

And having been permitted to place his boats inside of the bridge in the fall of the year and the state having thereafter withdrawn the water from the canal, it was bound to afford him a reasonable opportunity to remove them.

This he was deprived of by the construction of the low stationary bridge before there was water in the canal upon which to float the boats. This right of which claimant was deprived was not overcome by the offer to permit him to erect a new elevated bridge at his own expense. There is no finding or evidence that he accepted that offer. He was entitled to reasonable notice and opportunity to remove the boats, and unless it appeared that in some way he had waived or surren-

dered such rights he had a valid claim for damages against the state.

The order and award should be reversed and a new trial granted.

All concur.

Order and award reversed.